UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| **DAVID MALIK, ESQ,** <br> **ESPERANZA PACHECO PADILLA** <br> **8437 MAYFIELD RD.** <br> **CHESTERLAND, OHIO 44026** <br><br> **Plaintiffs,** <br><br> vs. <br><br> **IMMIGRATION AND CUSTOMS ENFORCEMENT** <br> **500 12TH ST., SW** <br> **WASHINGTON, DC 20024** <br><br> **Defendant** | Case No.: <br><br><br> **COMPLAINT** <br><br> **(JURY DEMAND)** |

# COMPLAINT

### INTRODUCTION

1. Plaintiffs seek information via FOIA regarding the government's basis for its repeated collection of a $155 filing fee and its subsequent systemic denials of I-246, Stay of Deportation filings. This conduct has led to a public, humanitarian, and bioethical crisis in Painesville, Ohio and throughout the United States, yet the government has ignored Plaintiffs' FOIA requests.

2. Plaintiffs Esperanza Pacheco Padilla and David B. Malik bring this action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552 to compel Defendant United States Immigration and Customs Enforcement ("ICE") to comply with a FOIA request.

3. On November 14th, 2018, Mr. Malik, acting as an attorney on behalf of Esperanza Pacheco Padilla, sought records from ICE including:

COMPLAINT(JURY DEMAND) - 1

1) Any policies related to its criteria for assessing I-246 petitions for Stays of Removal,
2) Any policies relating to priority enforcement categories, or a lack of enforcement categories, for removable individuals,
3) Any policies related to racial or ethnic profiling,
4) Any policies related to the level of suspicion necessary for ICE to detain an individual,
5) The nationalities and ICE's biographical racial identification of all individuals denied Stays of Removal from January 2017-October 2018 by the agency's Detroit ERO Field Office.
6) Policies and procedures which describe the determination of the filing fee of $155 for an I-246 Stay of Removal petition and any policies or procedures which relate to the manner in which the Detroit ERO Field Office utilizes this fee in determining the outcome of an I-246 petition.

4. Defendant ICE, has violated the FOIA by failing to respond to Ms. Pacheco Padilla and Mr. Malik's request within the statutorily prescribed time limit of twenty business days and by failing to disclose the documents requested. Thus, Plaintiffs now seek declaratory relief from the Court to order Defendant to respond to the request and disclose all records which have been improperly withheld.

**JURISDICTION AND VENUE**

5. This Court has jurisdiction over this action pursuant to 5 U.S.C. § 552(a)(4)(B). This Court also has jurisdiction over this action as a federal question under 28 U.S.C. § 1331.

6. This Court has the authority to grant declaratory relief pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a). Venue is proper under 5 U.S.C. § 552(a)(4)(B), as the requested agency records are located in this district, and 28 U.S.C. § 1391(e).

**PARTIES**

7. Plaintiff David Malik is the attorney representing Plaintiff Esperanza Pacheco Padilla. David Malik sent the FOIA request in his name while acting on behalf of Plaintiff Esperanza Pacheco Padilla. He is seeking records on her behalf in anticipation of further litigation regarding the circumstances surrounding her deportation. Ms. Pacheco-Padilla was a 25-year resident of the United States living in Painesville, Ohio prior to her removal by ICE. She is a native and national of

COMPLAINT(JURY DEMAND) - 2

Mexico and currently resides near León, Mexico. Her Lawful Permanent Resident husband and four United States Citizen children continue to reside in the Cleveland, Ohio area.

8. Defendant U.S. Immigration and Customs Enforcement ("ICE") is the sub-agency of the Department of Homeland Security responsible for carrying out removal orders and for deciding I-246 petitions for Stays of Removal.

**STATUTORY FRAMEWORK**

9. The FOIA provides every person with a right to request and receive federal agency records pursuant to 5 U.S.C. § 552(a)(3)(A) in an effort to promote administrative transparency. In furtherance of this policy, FOIA imposes strict deadlines on agencies to provide requesting individuals documents responding to FOIA requests under 5 U.S.C.§ 552(a)(6)(A).

10. An agency must comply with a FOIA request by issuing a determination within twenty business days after receipt of the request. 5 U.S.C. § 552(a)(6)(A)(i). However, an agency may be entitled to a ten-day extension of time to respond to a request if it provides written notice to the individual requesting documents and provides that the delay in responding to the request is the result of unusual circumstances which warrant additional time, pursuant to 5 U.S.C. § 552(a)(6)(B).

11. Under 5 U.S.C. § 552(a)(6)(B)(ii), an agency must immediately notify the requester of its determination to comply with or refuse a request and the reasons for it.

12. Under 5 U.S.C. § 552(a)(6)(C)(i), failure to comply with a FOIA request within the statutorily proscribe time frame constitutes a constructive denial and thus fulfills requester's requirement to exhaust administrative remedies.

COMPLAINT(JURY DEMAND) - 3

13. Pursuant to 5 U.S.C. § 552(a)(4)(B), an individual seeking information via FOIA who has exhausted administrative remedies may petition the court for injunctive and declaratory relief from the agency's withholding of records.

**FACTUAL BACKGROUND**

*Background of Ms. Pacheco Padilla's Circumstances*

14. Mr. Malik is an attorney currently licensed in the State of Ohio. He is certified to practice in the Northern District of Ohio and he is representing Ms. Pacheco Padilla.

15. Esperanza Pacheco Padilla is a native and citizen of Mexico. She entered the United States without inspection in March of 1995. She was placed into immigration proceedings in 2002. She was ordered removed on May 2, 2003. After retaining counsel, Ms. Pacheco Padilla applied for and was granted a Stay of Deportation in 2011 by the Detroit ERO office.

16. At the time that she was granted her stay of removal, ICE was made fully aware of Ms. Pacheco Padilla's forthcoming eligibility for relief and path to legal status under INA §245(i), her strong family ties to the United States, her good moral character, and her positive role in her Painesville, Ohio community.

17. Ms. Pacheco Padilla diligently renewed her stay annually through the proper filing of I-246 petitions and applicable filing fees from 2012-2017. She also personally checked in with ICE at each and every Order of Supervision (OSUP) ICE appointment, accompanied by her immigration attorney.

18. However, on November 14, 2017, Ms. Pacheco Padilla's situation changed dramatically. In an effort to comply with all ICE directives, Ms. Pacheco Padilla attended her scheduled OSUP check-in appointment with ICE at their offices in

Brooklyn Heights, Ohio. At this time, she was separated from her husband, who was present, and her immigration attorney, who was also present, and she was taken into custody and transferred to the Geauga County Jail.

19. Three days later, on November 20, 2017, prior to Ms. Pacheco Padilla's actual removal from the United States, her immigration attorney filed a timely emergency request for a Stay of Removal. A mandatory government required processing fee of $155 was paid when the Stay of Removal was filed.

20. Without a response to this request, Ms. Pacheco Padilla was removed from the United States to Mexico. The removal occurred in November of 2017.

21. Ms. Pacheco Padilla currently resides near León, Mexico. Her four U.S. citizen children currently remain in the Painesville, Ohio area.

22. As a result of her forced removal from the United States Ms. Pacheco Padilla has experienced severe emotional distress and her children have suffered severe mental anguish as a result of the deportation. Additionally, loss of their parent has resulted in a multitude of barriers in the children's attempt to obtain appropriate and necessary mental health care following their mother's deportation.

*ICE's Failure to Respond to November 14, 2018 FOIA Request*

23. Plaintiffs sent a FOIA request electronically to ICE on November 14, 2018. This request sought the records identified above which relate to ICE's policies and criteria for assessing I-246 petitions for Stays of Removal.

24. The request also sought information about policies relating to priority enforcement categories, or a lack of enforcement categories for removable individuals, policies related to racial or ethnic profiling, policies related to the level of suspicion

COMPLAINT(JURY DEMAND) - 5

necessary for ICE to detain an individual, information about the nationalities of those deported and ICE's biographical racial identification data of all individuals denied Stays of Removal from January 2017-October 2018 by the agency's Detroit ERO Field Office. Information was also requested about the policies and procedures which describe the determining criteria that set the filing fee for an I-246 Stay of Removal petition at $155 as well as any policies or procedures which relate to the manner in which the Detroit ERO Field Office utilizes this fee in the final determination of the outcome of an I-246 petitions.

25. ICE is an "agency" as defined by 5 U.S.C. § 552(f)(1), as it is an executive department. Therefore, ICE must comply with the prescribed statutory requirements of FOIA, including response times.

26. The statutory deadline for ICE to response to the Request passed on December 14th, 2018.

27. ICE never acknowledged receipt of the FOIA request, though confirmation of electronic submission was provided to the requestor at the time of submission.

28. At the time of filing this Complaint, ICE has not produced a response or any of the requested documents, nor has ICE provided information regarding the specific circumstances preventing the disclosure of the documents Mr. Malik requested.

29. This failure to respond constitutes a constructive denial of the request, and as such, Plaintiffs have thus exhausted their administrative remedies to access the requested records.

30. Plaintiffs have a compelling and immediate need to access this information for urgent humanitarian reasons in the course of Ms. Pacheco Padilla case, including, but

COMPLAINT(JURY DEMAND) - 6

not limited to, considerations of the mental health of Ms. Pacheco Padilla's four U.S. Citizen children.

31. Many similarly situated individuals in the Cleveland area are being deported without notice and without a rationale for the denial of their Stays of Removal, though they have properly filed their I-246 petitions and submitted a processing fee of $155 to ICE. This has led to a public health, humanitarian, and bioethics crisis in the Painesville Latino community. Fears of parental deportation and deportations themselves have caused significant detrimental impacts on the emotional and behavioral functioning of children fearing the loss of one or both parents and for children left behind in the wake of parental deportations.

32. In light of these public, humanitarian, and bioethical concerns for her own family, it is critical for Mr. Malik and Ms. Pacheco Padilla to understand ICE's true removal motivations, removal priorities, policies for processing and deciding properly filed I-246 motions, and the agency's policies regarding racial profiling and discrimination.

## CAUSES OF ACTION

### COUNT I
Failure to Respond to Request Within Statutory Timeframe in Violation of 5 U.S.C. § 552(a)(6)(A)(i)

33. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

34. Defendant ICE failed to respond to Plaintiffs' November 14, 2018 FOIA request within the statutorily mandated timeframe, which has violated Plaintiffs' rights under FOIA and continues to impede Mr. Malik's representation of Ms. Pacheco Padilla.

COMPLAINT(JURY DEMAND) - 7

## COUNT II

Failure to Produce Search for or Produce Responsive Records in Violation of 5 U.S.C. § 552(a)(3) and 5 U.S.C. § 552(a)(3)(A)

35. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

36. ICE failed to make reasonable efforts to search for records to respond to Mr. Malik and Ms. Pacheco Padilla's request, thus violating their rights under FOIA.

37. ICE failed to disclose records or produce any records pursuant to Mr. Malik and Ms. Pacheco Padilla's request, thus violating their rights to those records under FOIA.

38. ICE failed to provide a legal basis for withholding records, thus violating its statutory obligations under FOIA.

39. Ms. Pacheco Padilla is entitled to her reasonable attorney's fees and costs under 5 U.S.C. § 552(a)(4)(E).

## PRAYER FOR RELIEF

Plaintiffs asks that this Court grant the following relief:

40. Expedite its consideration of this action pursuant to 28 U.S.C. § 1657;

41. Find that Defendant's failure to respond or disclose records within the statutorily proscribed timeframe was unlawful;

42. Find that Defendant's failure to provide a legal basis for withholding the requested records was unlawful;

43. Order Defendant to search for and promptly disclose all records responsive Plaintiffs' Request;

44. Award Ms. Pacheco Padilla's attorneys' fees and costs;

45. Grant such other relief as the Court may deem just and proper.

COMPLAINT(JURY DEMAND) - 8

Respectfully submitted,

*/s/ David B. Malik*
David B. Malik (0023763)
Sara Gedeon (0085759)
Attorneys for Plaintiffs
Malik Law
8437 Mayfield Road, Suite 101
Chesterland, OH 44026
(440) 729-8260
(440) 490-1177
david@davidmaliklaw.com
sgedeon1021@gmail.com

*/s/ Anna Markovich*
Anna Markovich (0076899)
Attorney for Plaintiffs
Law Office of Anna Markovich, LLC
18975 Villaview Rd., Suite 3
Cleveland, OH 44119
440-759-1420
f. 888-376-8848
lawoffice@annamarkovich.com

COMPLAINT(JURY DEMAND) - 9